IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 11-cr-00219-CMA
(Removal from District Court, Denver County, Colorado,
***People of the State of Colorado v. Dean Carbajal***,
Case Nos. 10CR1576, 10CR1600, and 10CR3824)

PEOPLE OF THE STATE OF COLORADO,

v.

DEAN CARBAJAL,

    Defendant.

## ORDER FOR SUMMARY REMAND

Defendant, Dean Carbajal, has filed ***pro se*** a Notice of Removal stating that he is removing to this Court three criminal cases from the Denver, Colorado, District Court. The relevant state court case numbers are 10CR1576, 10CR1600, and 10CR3824. The Court must construe the Notice of Removal liberally because Mr. Carbajal is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the cases will be remanded summarily to the state court.

Pursuant to 28 U.S.C. § 1446(a), a notice of removal must include "a short and plain statement of the grounds for removal." Mr. Carbajal seeks to remove these criminal cases to federal court pursuant to 28 U.S.C. §1443(1) and (2) because he allegedly "has been denied and cannot enforce in state court a civil right of equality." (Doc. #1 at 1.)  Mr. Carbajal summarizes his argument for removal as follows:

    Accordingly, Mr. Carbajal has been subjected to a string of

> attacks that have virtually destroyed him emotionally, financially, and socially, that have stemmed from a long standing conspiracy derived from 99CR96 - Delta County. The local law enforcement and Second Judicial District, Public defender's office, and Higher Courts - Court of Appeals, have blatantly sought to oppress and deny Mr. Carbajal the fundamental fairness of due process and equal protection of rights afforded to U.S. citizens. Compounded with harassment and retaliation: these abuse[s] have left Mr. Carbajal unable to assert his constitutional rights in the state forum and bears removal and federal intervention.

(Doc. #1 at 11.)

The Court initially notes that Mr. Jackson has not complied with the procedural requirements for removing these cases to this Court.  First, a notice of removal in a criminal case generally must be filed within thirty days after arraignment unless good cause is shown.  **See** 28 U.S.C. § 1446(c)(1).  Mr. Carbajal does not allege when he was arraigned in any of the criminal actions he seeks to remove, but he does allege that he already has been tried in 10CR1576 and 10CR1600.  (**See** Doc. #1 at 2.) Documents attached to the Notice of Removal also indicate that Mr. Carbajal has been sentenced in both 10CR1576 and 10CR1600.  (**See** Doc. #1 at 36-50; Doc. #1-1 at 1-7). In fact, Mr. Carbajal already has appealed to the Colorado Court of Appeals from the judgments of conviction in 10CR1576 and 10CR1600.  (**See** Doc. #1 at 45; Doc. #1-1 at 6.)  Although it is not clear whether Mr. Carbajal already has proceeded to trial in 10CR3824, he fails to demonstrate that removal of that action is timely.  Mr. Carbajal also has failed to comply with the procedural requirements for removal of a criminal action because he has not filed copies of "all process, pleadings, and orders" served on him in the state court actions as required pursuant to § 1446(a).

Removal under 28 U.S.C. § 1443 also is inappropriate as a substantive matter.

The two requirements for removal under § 1443(1) are narrow and well-defined.  **See Davis v. Glanton**, 107 F.3d 1044, 1045 (3d Cir. 1997).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" **Johnson v. Mississippi**, 421 U.S. 213, 219 (1975) (quoting **Georgia v. Rachel**, 384 U.S. 780, 792 (1966)).  "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." **Colorado v. Lopez**, 919 F.2d 131, 132 (10th Cir. 1990) (quoting **Johnson**, 421 U.S. at 219)).  Mr. Carbajal's conclusory reference to "a civil right of equality" (Doc. #1 at 1) does not demonstrate that he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" **Johnson**, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)).  The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

**City of Greenwood, Miss., v. Peacock**, 384 U.S. 808, 828 (1966).  This requirement must be supported by specific factual allegations.  **See generally** 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).  Mr. Carbajal has failed to provide the court with specific factual allegations regarding his inability to

enforce his constitutional rights in the state court criminal prosecutions. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." ***City of Greenwood***, 384 U.S. at 824. Mr. Carbajal does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, because it clearly appears on the face of the Notice of Removal and attached exhibits that removal of these actions should not be permitted, the actions will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that Case Nos. 10CR1576, 10CR1600, and 10CR3824 are remanded summarily to the Denver District Court. It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the Denver District Court.

DATED: May 27, 2011

                                                 BY THE COURT:

                                                 _____
                                                 CHRISTINE M. ARGUELLO
                                                 United States District Judge